```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
GALERIE JACQUES DE LA BERAUDIERE, S.A.,                            :
                                                                   :
                            Plaintiff,                             :
                                                                   :
            -v-                                                    :
                                                                   :
EDWARD TYLER NAHEM FINE ART, LLC,                                  :
                                                                   :
                            Defendant.                             :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/13/2022

22-cv-720 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

On February 14, 2022, Plaintiff filed a notice of voluntary dismissal with prejudice in this case. Dkt. No. 6. Thereafter, the Clerk's Office noted that there was an error in filing the notice and directed counsel to refile the notice using the correct procedure. On September 26, 2022, the Court ordered Plaintiff to refile its notice of voluntary dismissal by October 11, 2022 or the Court would otherwise dismiss the case without prejudice for failure to prosecute. Dkt. No. 7. No renewed notice of voluntary dismissal has appeared on the docket, and the case remains open.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court." *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]"). "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the

discretion of the district court." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate:  whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.  *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors.  Plaintiff appears not to have corrected the filing error for over seven months.  "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient.  *Id.* (collecting cases).  Plaintiff was given notice in the Court's order at Dkt. No. 7 that failure to refile the notice of voluntary dismissal or otherwise provide an update on the status of the case by October 11, 2022 would result in dismissal.  Although there is no specific evidence on the record that delay will prejudice Defendant—indeed, there is no record beyond the Complaint and the Court's orders—"[p]rejudice to defendants resulting from unreasonable delay may be presumed."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  Finally, there can be no mistaking Plaintiff's intentions in filing the notice of voluntary dismissal.  The Clerk's Office noted that Plaintiff failed to select the party whom the voluntary dismissal is against when the notice of voluntary dismissal was filed.  However, the signed notice of voluntary dismissal lists Edward Tyler Nahem Fine Art,

LLC, the only defendant in this case, as the party whom the voluntary dismissal is against. There thus can be no lesser "sanction" than fulfilling the apparent wishes of Plaintiff and dismissing this case.

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 13, 2022
      New York, New York

                                          LEWIS J. LIMAN
                                  United States District Judge